CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 0 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

JABORIE BROWN,
      Petitioner,

v.

UNITED STATES OF AMERICA, et al.,
      Respondents.

Civil Action No. 7:10-cv-00390

MEMORANDUM OPINION

By: Hon. James C. Turk
Senior United States District Judge

Petitioner Jaborie Brown, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his confinement pursuant to his federal conviction in the United States District Court of the Southern District of Florida ("District Court") is unconstitutional. After reviewing the petition, the court concludes that petitioner has failed to demonstrate an entitlement to relief under § 2241.

I.

Plaintiff alleges the following facts in his petition. A grand jury in the Southern District of Florida indicted petitioner in August 2004.[1] Petitioner alleges that its indictments failed to adhere to formalities such as being notarized or signed by the Clerk of Court. A jury later convicted petitioner, and petitioner filed a post-verdict motion challenging the indictments. The District Court denied the motion and sentenced him, and he appealed. Petitioner argued on appeal that District Court lacked jurisdiction because the indictments were not authentic. The Eleventh Circuit Court of Appeals affirmed petitioner's conviction, and the Supreme Court of the United States denied his petition for a writ of certiorari in October 2007.

---

[1]Other superceding indictments were also issued against petitioner, but for purposes of this opinion, the court refers to all the indictments collectively.

Petitioner then filed his first motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the District Court, arguing that his indictments were defective. The District Court denied his § 2255 motion in November 2007, and the Eleventh Circuit Court of Appeals denied petitioner a certificate of appealability. The Supreme Court of the United States also denied petitioner a writ of certiorari in October 2008.

Petitioner subsequently challenged his conviction via 28 U.S.C. § 2241 in the District Court with the same argument, which that court construed and dismissed as a successive § 2255 motion. The Eleventh Circuit Court of Appeals denied petitioner a certificate of appealability. Petitioner filed another § 2241 motion in the District Court, which it also dismissed.

Petitioner argues in the instant § 2241 petition that his indictments were invalid and he should be released from custody. Petitioner is presently confined within this district.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The claims petitioner now raises were addressed on direct appeal and via his § 2255 motion. The petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any precedent making it legal to conspire to and actually possess and distribute cocaine and rob. Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.[2]

III.

In conclusion, petitioner can not attack his conviction with this § 2241 petition because he fails to demonstrate that he is entitled to relief, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner.

ENTER: This _10th_ day of September, 2010.

_James C. Turk_
Senior United States District Judge

---

[2]Section 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255. See also Swain, 430 U.S. at 378. Therefore, the court does not have jurisdiction to address petitioner's pleading as a § 2255 motion. To file a second § 2255 motion in the district court where petitioner was sentenced, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255(h). When a petitioner does not demonstrate that a court of appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, a district court does not have jurisdiction to consider the merits of a successive § 2255 motion.